IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**MICHAEL RANKINS,**

       **Petitioner,**

v.                                         **Case No. 5:21-cv-00132**

**D.L. YOUNG, Warden,**
**FCI Beckley,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On February 25, 2021, Petitioner Michael Rankins ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending is Respondent's request for dismissal as articulated in the Response to Show Cause Order and Response to the Court's Order. (ECF Nos. 7, 16).

Having thoroughly reviewed the record, the undersigned **FINDS** that Petitioner has received the relief that he sought in his petition; therefore, this habeas proceeding is moot. Accordingly, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the request for dismissal; **DISMISS** the Petition for a Writ of Habeas Corpus; and remove this matter from the docket of the Court.

1

I. **Relevant Facts**

Petitioner complains in his petition for habeas relief that he is not receiving time credits as mandated by the First Step Act of 2018 ("FSA"). (ECF No. 2 at 2). According to Petitioner, the FSA requires the Federal Bureau of Prisons ("BOP") to give an inmate credit against his sentence for participating in evidence-based recidivism reduction programs. He contends that, although he has completed such a program, no credit has been provided to him by the BOP. Petitioner specifically asks the Court for an Order directing the BOP to credit him 15 days for every 30 days of successful participation he completed in a school GED program. (*Id.* at 6-7). Petitioner concedes that he has not exhausted his administrative remedies, but asserts that the administrative remedy process is not available at FCI Beckley due to "affirmative misconduct by prison officials." (*Id.* at 2, 7).

On March 30, 2021, after Petitioner had paid his filing fee, the undersigned entered an Order directing Respondent to show cause why the relief requested by Petitioner should not be granted. (ECF No. 6). Respondent filed a response to the Show Cause Order on April 12, 2021. (ECF No. 7). Respondent contended that Petitioner's habeas petition should be dismissed, because he failed to exhaust administrative remedies. Respondent rejected Petitioner's argument that exhaustion should be waived due to alleged misconduct by prison staff, pointing out that Petitioner filed numerous administrative remedies while in custody, including some at FCI Beckley. Respondent asserted that Petitioner must exhaust his available remedies to allow the BOP the first opportunity to consider his claim and perhaps resolve it. (*Id.* at 2-3). In addition, Respondent argued that Petitioner's petition was premature, because the FSA provided the BOP with two years to phase in the time credits, and the two years did not

2

expire until January 15, 2022. (ECF No. 7 at 3-10).

Petitioner was given an opportunity to reply to Respondent's arguments, and he filed a memorandum of law in which he claimed that he was entitled to time credits prior to the conclusion of the phase-in period. (ECF No. 9 at 1-5). Rankins stated that proper application of the credits would result in his immediate release from custody. He further argued that he should not have to exhaust administrative remedies, because he was denied the proper forms to begin the remedy process. (*Id.* at 5-6). Petitioner indicates that he was transferred from Terre Haute FCC in January 2021 to Beckley FCI and, after his transfer, was obstructed from using the remedy process. (*Id.*).

On January 31, 2022, the undersigned entered an Order directing the Respondent to provide the Court with a supplemental response to the petition. (ECF No. 14). Petitioner was given seven days after receipt of the supplemental response in which to file a reply. (*Id.*). Before Respondent could respond, however, Petitioner filed a second memorandum of law. He states that he has now received 365 days of credit under the FSA, but argues that he should be given additional time credits for a class he took about diabetes and for classes pertaining to leisure and fitness. (ECF No. 15). Petitioner contends that he is due an additional 60 days of credit. (*Id.*). Once again, Petitioner claims that he cannot exhaust administrative remedies, because FCI Beckley staff either retaliate or refuse to provide the necessary forms to initiate the administrative remedy process. Petitioner submits four self-titled affidavits from inmates stating that there is a great fear of reprisal at FCI Beckley if an inmate files a grievance. (*Id.* at 4-7). The undersigned notes that these sworn statements focus on Warden Young's mail policies and on the quality of the food at FCI Beckley. The statements do not describe any reprisals suffered by an inmate for filing a remedy form

pertaining to the calculation of FSA time credits. Moreover, the statements are not specific to this case, but instead were prepared in furtherance of a civil rights action filed by Petitioner. (ECF No. 15 at 4-7).

On February 10, 2022, Respondent submitted the court-ordered supplemental response, arguing that the habeas petition should be dismissed as it is moot. (ECF No. 16). Respondent indicates that the BOP has now fully implemented the FSA and Petitioner has been awarded 365 days of time credits under the FSA Time Credits Rule. (ECF No. 16 at 2). Respondent submits documentation of the awarded time credits, and the inmate locator further confirms that Petitioner has received 365 days of credit against his sentence, with his updated release date being September 8, 2022. (ECF No. 16-1). Respondent argues that if Petitioner is now dissatisfied with the way the BOP implemented the Rule or with the amount of credit he has received, he must exhaust his administrative remedies. (ECF No. 16 at 2).

Petitioner was given seven days to reply to Respondent's supplemental response. (ECF No. 14). Since that time, he has requested and been granted three extensions of time in which to file his reply memorandum. (ECF Nos. 18, 21, 29). His final extension expired on May 27, 2022, and Petitioner has not filed a reply.

II. **Standard of Review**

Although Respondent does not state under which rule he brings the request for dismissal, given the stage of the proceedings and nature of the arguments presented, it is best understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), which challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Because Respondent filed a response concurrently with the request for dismissal, the motion should be

4

considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A Rule 12(c) motion asserting a lack of jurisdiction applies the same standard of review used for a motion under Rule 12(b)(1). *See Humphrey v. Glob. Equity Lending, Inc.*, No. 2:08CV68, 2008 WL 5262769, at *3 (E.D. Va. Dec. 17, 2008).

A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id*. Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id*. Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*.

A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to raise the issue of mootness, because mootness generally deprives a federal court of jurisdiction under Article III of the United States Constitution. *See Justice v. Acosta*, No. 2:17-CV-03681, 2018 WL 4291744, at *3 (S.D.W. Va. Sept. 7, 2018); *see also Estate*

*of Peeples v. Barnwell Cty. Hosp.*, No. CIV.A. 1:13-01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014) (collecting cases). Here, Respondent is bringing a factual challenge to this Court's jurisdiction over Petitioner's petition, alleging that subsequent developments have removed the factual basis for jurisdiction. As such, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *See L.K. ex rel. Henderson v. N. Carolina State Bd. of Educ.*, No. 5:08-CV-85-BR, 2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011), *report and recommendation adopted*, No. 5:08-CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011).

## III. <u>Discussion</u>

### *A. Mootness*

As a prerequisite to addressing the merits of the habeas petition, this Court must have subject matter jurisdiction over the dispute pursuant to Article III of the United States Constitution. Even when no party has raised the issue of subject matter jurisdiction, the Court must consider it. Article III allows federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). Consequently, "[t]o be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983); *also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue

6

throughout its existence."). Put simply, "[a] claim may be mooted 'when the claimant receives the relief he or she sought to obtain through the claim,' because the court no longer 'has [ ] effective relief to offer.'" *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)).

In his habeas petition, Petitioner complained that the time credits he earned under the FSA for completing a GED class were not applied to his release date. However, after Petitioner initiated this proceeding, the BOP applied 365 days of time credit to Petitioner's sentence as authorized by the FSA. (ECF No. 16-1 at 2). The time credits have altered Petitioner's release date from September 8, 2023 to September 8, 2022. (*Id.* at 60-61). According to 18 U.S.C. § 3624(g), if an inmate is sentenced to "a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, **not to exceed 12 months**, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3) (emphasis added). Petitioner was sentenced to five years of supervised release. Accordingly, he has received all 365 days available to him and will begin serving his sentence of supervised release one year earlier than he would have without the FSA time credits. As such, the undersigned **FINDS** that Petitioner has received the relief he requested in his petition for a writ of habeas corpus, thus rendering the petition moot and subject to dismissal.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot when a petitioner is released from custody where the petition challenges collateral consequences, which continue after expiration of the sentence and are sufficient to create "a substantial stake" in the outcome of the habeas petition that

7

"survives the satisfaction of the sentence." *Id*. Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Id*. (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)). However, neither exception applies in this case.

Petitioner has not raised any collateral consequences flowing from the manner in which the BOP applied his FSA time credits, and there is no apparent factual basis upon which to claim that the collateral consequences exception applies. Furthermore, as Petitioner is not likely to face the same set of circumstances in the future, he is unable to demonstrate the "capable of repetition" exception to mootness. *Leonard,* 804 F.2d at 842. Therefore, the undersigned **FINDS** that no exception to the mootness doctrine applies in this case.

### B. Exhaustion

Although it is clear that the issue raised in the petition is moot, the undersigned addresses exhaustion because in his second memorandum, Petitioner adds a new complaint regarding additional classes he completed after filing his habeas petition for which he now seeks FSA time credits. (ECF No. 15). Petitioner admits that he has not exhausted administrative remedies related to these particular FSA credits. Petitioner attaches affidavits to support his position that he is prevented from exhausting administrative remedies by FCI Beckley staff; however, as previously noted, the affidavits are taken from a civil rights proceeding and largely describe the "fear of reprisal" inmates feel when they challenge policies created by Warden Young. FSA time credits are not created or governed by a warden's policy; rather, they are applied to an

8

inmate's sentence by the BOP's Designation and Sentence Computation Center located in Grand Prairie, Texas. (ECF No. 16-1 at 61). Petitioner has presented no evidence that he, or any inmate at FCI Beckley, has been precluded by staff from grieving the calculation of FSA credits. Furthermore, he has provided no evidence of any attempt by him to file an administrative remedy regarding credit for the additional classes he allegedly completed. Therefore, the undersigned **FINDS** that, to the extent Petitioner raises a new challenge regarding the calculation and application of additional FSA credits, he must first exhaust his administrative remedies.

Although § 2241 does not itself contain an exhaustion prerequisite, courts have judicially imposed a duty on prisoners to exhaust administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 490–91 (1973); *see also McClung v. Shearin,* No. 03–6952, 2004 WL 225093, at *1 (4th Cir. Feb.6, 2004) (citing *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir.2001)). The court may, in its discretion, waive exhaustion under certain circumstances, such as "when a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Wright v. Warden,* Civil Action RDB–10–671, 2010 WL 1258181, * 1 (D. Md. Mar. 24, 2010).

The BOP's Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, provides a process by which an inmate can seek review of an issue relating to any aspect of his or her confinement. With certain exceptions, an inmate must first present the issue of concern informally to a BOP staff member within the procedures prescribed by the warden of the institution in which the inmate is confined. *Id.* at § 542.13. An

9

inmate can then file a formal written Administrative Remedy Request on the specified form. *Id.* at § 542.14. If the inmate is unsatisfied with the warden's response to the request, the inmate can appeal the decision to the appropriate regional director and can then appeal the response of the regional director to the general counsel. *Id.* at § 542.15. The administrative remedy request and appeals must comply with the requirements specified by the BOP. *Id.* at §§ 542.14, 542.15.

One important aspect of exhaustion is that it creates an administrative record for the Court to review. As the BOP is charged with computing an inmate's sentence and has "developed detailed procedures and guidelines for determining credit available to prisoners," *United States v. Wilson*, 503 U.S. 329, 334 (1992), the BOP should have the first opportunity to review its calculation in this case and determine if any errors were made. As a district court recently explained:

> [T]he responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts. *United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) (citing *United States v. Wilson*, 503 U.S. 329, 330 (1992)). ... Because the BOP calculates a prisoner's credit towards his federal sentence, a dissatisfied inmate must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence. *Id.* (internal quotations and citation omitted).

*United States v. Usma*, No. 2:19-CR-133-SPC-MRM, 2022 WL 267518, at *1 (M.D. Fla. Jan. 28, 2022) (internal markings omitted). The record before this Court is wholly insufficient for judicial review on the subject of Petitioner's additional classes. Petitioner did not raise this issue in his petition, and he has not received leave to amend the petition. Consequently, how the BOP calculated and applied sentence credits, if any, for those classes is not apparent from any of the documents provided to the Court. Accordingly, the most reasonable approach in this case is to require Petitioner to

exhaust his administrative remedies and then petition the Court if he is unsuccessful.

Furthermore, Petitioner has not demonstrated a valid reason to waive exhaustion. He cannot show that the process is futile, because the BOP often reviews and automatically recalculates inmate sentences. There is no evidence that the BOP clearly and unambiguously violated statutory or constitutional rights in calculating Petitioner's FSA credits and their impact on his sentence, and Petitioner has not shown that the administrative procedure is plainly inadequate to prevent irreparable harm. Accordingly, the undersigned **FINDS** that any challenge asserted by Petitioner to the calculation of FSA credits related to the classes in question, and their applicability to his sentence, is premature and will remain so until Petitioner exhausts his administrative remedies.

### IV.   Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's requests for dismissal, (ECF Nos. 7, 16), be **GRANTED**; the Petition for a Writ of Habeas Corpus, (ECF No. 2), be **DENIED**; and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the

portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** June 2, 2022

Cheryl A. Eifert
United States Magistrate Judge